**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**DEANNA B.,[1]**

**Plaintiff,**

**v.**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

**Case No. 1:25-cv-473**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Gentry**

**OPINION AND ORDER**

The Magistrate Judge's June 1, 2026, Report and Recommendation (R&R, Doc. 14) advises this Court to affirm the Commissioner of Social Security's decision finding that Plaintiff Deanna B. was not entitled to disability insurance benefits or supplemental security income. For the reasons below, the Court **OVERRULES** Plaintiff's Objection (Doc. 15), **ADOPTS** the R&R, and **AFFIRMS** the Commissioner's decision.

**BACKGROUND**

Claiming that she had experienced a period of disability, Plaintiff applied for disability insurance benefits on October 7, 2020. (Certified Admin. R., Doc. 7-2, #46). She applied for supplemental security income (SSI) on the same day. (*Id.*). In both applications, Plaintiff alleged she became disabled on April 10, 2019. (*Id.*). Social

[1] Due to privacy concerns, this Court refers to social security claimants only by their first names and last initials. *See* S.D. Ohio Gen. Order 22-01.

Security Administration (SSA) personnel denied those applications, both initially and upon reconsideration. (*Id.*).

### A. Plaintiff's First Appeal

Plaintiff challenged both decisions before an SSA Administrative Law Judge (ALJ), who presided over a telephone hearing at which Plaintiff was represented by counsel. (*Id.*). Plaintiff testified, (*id.* at #83), as did a vocational expert, (*id.* at #102). The ALJ issued a decision unfavorable to Plaintiff on March 4, 2022. (*Id.* at #68). That decision became final on August 23, 2025, when the SSA Appeals Council declined review. (*Id.* at #27).

Plaintiff appealed by timely filing a complaint in this Court. (Doc. 7-15, #1540; *see also Deanna B. v. Comm'r of Soc. Sec.*, 1:22-cv-604 (S.D. Ohio Mar. 28, 2024), Doc. 6). She asserted that the ALJ improperly determined that she was not disabled for purposes of the Social Security Act because he failed to properly evaluate the opinions of state-agency psychological consultants for consistency and supportability as 20 C.F.R. § 404.1520 commands. (Doc. 7-15, #1486). The Magistrate Judge agreed and recommended that the Court reverse the Commissioner's non-disability determination and remand for the SSA to more fully consider the state-agency psychological consultants' opinions. (Doc. 7-15, #1504). No party objected to the R&R. So the Court adopted it and issued the recommended relief. (*Id.* at #1477). That meant the case returned to the SSA for another go-round. (*Id.* at #1544).

## B. The Second ALJ Decision

A new ALJ presided over a second telephone hearing. (Doc. 7-14, #1421). Plaintiff testified and was represented by counsel (*Id.*). Another vocational expert testified, too. (*Id.*). On April 3, 2025, the second ALJ reached the same conclusion as the first ALJ: Plaintiff does not have a disability, and thus she does not qualify for disability insurance benefits or SSI. *(Id.* at #1439–40). The ALJ reached that conclusion by employing the standard five-step "sequential evaluation process" that determines whether a Social Security claimant is disabled under the Social Security Act. (*Id.* at #1422–23). Those factors direct ALJs to consider whether: (1) the claimant is engaged in substantial gainful activity, (2) the claimant suffers from one or more severe impairments, (3) the claimant's severe impairments, alone or in combination, meet or equal the criteria of impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R., Part 404, Subpart P, Appendix 1; (4) the claimant can perform her relevant past work, considering the claimant's residual functional capacity; and (5) the claimant can perform other work available in the national economy, considering the claimant's age, education, past work experience, and residual functional capacity. 20 C.F.R. § 404.1520(a)(4); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

At step one, the ALJ found that Plaintiff had not engaged in substantially gainful activity since April 10, 2019, the date she alleged she became disabled. (Doc. 14, #2116). At step two, the ALJ found that Plaintiff has the following severe impairments: osteoarthritis in the knee status-post arthroplasty, lumbosacral spondylosis, obesity, major depressive disorder, and posttraumatic stress disorder.

(*Id.*). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R., Part 404, Subpart P, Appendix 1. (*Id.* at #2117). At step four, the ALJ laid out Plaintiff's Residual Functional Capacity (RFC), and determined that Plaintiff has the capacity to perform light work as defined in 20 C.F.R. § 404.1567(b), subject to the following limitations:

> [Plaintiff] can climb, balance, stoop, kneel, crouch[,] and crawl occasionally. She can understand, remember, and carry out detailed but not complex tasks. She can relate on a superficial basis with coworkers and supervisors. She can attend to tasks for a sufficient period to complete tasks. [Plaintiff] can manage the stresses involved in detailed work-related tasks.

(*Id.*). The ALJ reached that conclusion by evaluating (among other things) Plaintiff's medical records, Plaintiff's testimony, and several state-agency psychological consultants' opinions, which the ALJ found "generally persuasive." (*Id.* at #2117–18; Doc. 7-14, #1426–37). Finally, at step five, the ALJ determined that Plaintiff's age, education, work experience, and RFC, allowed her to perform jobs that exist in significant numbers in the national economy such as a "protective clothing issuer," "shipping and receiving weigher," or "swatch clerk."[2] (Doc. 14, #2117; Doc. 7-14,

[2] For those curious, the Dictionary of Occupational Titles defines a "swatch clerk" as a garment worker who:

> Collects cloth samples (swatches) from cutting rooms and marks each lot to identify webs (bolts) of cloth from which samples were cut. Files and keeps inventory of swatch cards that are used to show prospective customers available fabrics. Mails swatches to customers on request. Checks swatch cards prepared by outside firm to ensure conformance to original order.

1 U.S. Dep't of Lab., *Dictionary of Occupational Titles* 203 (4th ed. rev. 1991), https://babel.hathitrust.org/cgi/pt?id=umn.31951d00357017o&view=1up&seq=273&q1=222.587-050 [https://perma.cc/S3PM-AL6Z].

#1438–39 (capitalization altered)). Thus, the ALJ concluded that Plaintiff was not disabled under the Social Security Act during the relevant time frame. (Doc. 14, #1439–40).

### C. This Appeal

Plaintiff did not seek reconsideration of the second ALJ's determination, nor did she request review before the SSA Appeals Council.[3] Instead, Plaintiff initiated the instant case on July 9, 2025, by filing her complaint. (Doc. 6). So the substance of the second ALJ's decision provides the basis for review here.

Plaintiff filed her Statement of Specific Errors seven months later. (Doc. 9). She takes aim at the ALJ's RFC determination that "she can relate on a superficial basis with coworkers and supervisors." (*Id.* at #2089). The ALJ, she argues, simply adopted the term "superficial" from the state-agency mental health reviewing experts' opinions without defining it. (*Id.*). She believes the inclusion of an undefined term in her RFC makes it "impossible to know what the ALJ meant." (*Id.*). Ultimately, Plaintiff asks the Court to remand a second time for the ALJ to define exactly what "superficial" means in this context. (*Id.* at #2092).

[3] Ordinarily, Plaintiff's failure to exhaust her administrative remedies would make the ALJ's decision unreviewable because there is no "final decision" for the Court to consider. 42 U.S.C. § 405; 20 C.F.R. § 404.900. However, the Commissioner admits that "the ALJ's decision constitutes the final decision" and that the "Court has jurisdiction pursuant to 42 U.S.C. § 405(g)." (Def.'s Mem. in Opp'n, Doc. 11, #2097). As the Sixth Circuit observed when it considered nearly identical language, "it is hard to imagine a clearer case of waiver by a responsible government official." *Ahghazali v. Sec'y of Health & Hum. Servs.*, 867 F.2d 921, 926–27 (6th Cir. 1989). So the Court finds that the Commissioner has expressly waived any argument that Plaintiff failed to exhaust her administrative remedies.

The Magistrate Judge found that Plaintiff failed to show that the ALJ erred by using the undefined term in the RFC. (Doc. 14, #2123). In the R&R, the Magistrate Judge points to Sixth Circuit case law—albeit unreported—that rejected arguments identical to Plaintiff's. (*Id.* at #2123–24 (citing *Preston v. Comm'r of Soc. Sec.*, No. 22-4026, 2023 WL 4080104 (6th Cir. June 20, 2023)). The Magistrate Judge found that opinion's analysis persuasive and chose to apply it. (*Id.* at #2124 (citing *Crump v. Lafler*, 657 F.3d 393, 405 (6th Cir. 2011)). The Magistrate Judge laid out the substantial evidence in the record that supported the ALJ's use of the term "superficial": Plaintiff's subjective complaints about her conditions, her medical records and documented treatment history, and the opinions given and supporting documents relied upon by the state-agency experts. (*Id.* at #2124–26). The Magistrate Judge then noted that the ALJ's verbatim adoption of the superficial-interaction limitation from the experts' reports both followed the requirements of 20 C.F.R. § 404.1520c and adequately explained why she adopted that limitation.

Plaintiff timely filed an objection. (Doc. 15). She largely repeated the arguments she raised in her statement of specific errors, this time with a more forceful assertion that every term in an RFC must be specifically defined or else it becomes "worthless." (*Id.* at #2132). Without an exact definition, she fears that this Court will be unable to "trace the path of [the ALJ's] reasoning" for why she believed Plaintiff could engage in "superficial" social interactions in the workplace. (*Id.* (quoting *Stacey v. Comm'r of Soc.* Sec., 451 F. App'x 517, 519 (6th Cir. 2011)).

The Commissioner responded to Plaintiff's objection. (Doc. 16). There, the Commissioner noted how the Plaintiff's objection says nothing about the Sixth Circuit authority on which the Magistrate Judge relied (which greenlit the use of "superficial" in a similar RFC determination), nor did it challenge the Magistrate Judge's finding that the RFC was supported by substantial evidence. (*Id.* at #2134–35).

With that, the matter is ripe for review.

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

But that is not the only relevant standard of review. In this case, the Magistrate Judge reviewed a decision by a Social Security Administration ALJ that the Commissioner of the SSA adopted. (Def.'s Mem. in Opp'n, Doc. 11, #2097 (adopting the ALJ's decision as "the final decision of the Commissioner")). In that setting, courts are "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if

supported by substantial evidence, shall be conclusive."). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ealy*, 594 F.3d at 512 (quotation omitted). So long as substantial evidence supports the Commissioner's conclusion, the Court must affirm, even if substantial evidence in the record would also support a different conclusion. *Id.* That said, even if substantial evidence supports the ALJ's decision, the Court cannot affirm if "the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

Putting all that together, when a party specifically objects, this Court reviews that portion of the R&R de novo to assess whether (1) the Magistrate Judge correctly determined that the ALJ's decision applied the correct legal standards (including the SSA's own regulations), and (2) substantial evidence supported the ALJ's decision.

## LAW AND ANALYSIS

The ALJ is responsible for making the RFC determination. 20 C.F.R. § 404.1546(c); *see also Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004). A claimant's RFC describes the most she can do in a work setting despite her physical and mental limitations. 20 C.F.R. § 404.1545(a)(1).

When formulating the RFC, the ALJ must consider a handful of variables. These include the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." *Id.* § 404.1545(a)(4). The ALJ must consider those variables

in light of all relevant evidence in the record, including the claimant's descriptions of her limitations and symptoms, objective medical evidence, medical opinions, other medical evidence, evidence from non-medical sources, and prior administrative medical findings. *See id.* § 404.1545(a)(1)-(5).

But the ALJ may not simply defer to or give any specific evidentiary weight to any medical opinion or prior administrative medical findings. *Id.* § 404.1520c(a). "The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (citing 42 U.S.C. § 423(d)(5)(B)). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative finding by considering five factors: (1) supportability; (2) consistency; (3) relationship to the plaintiff; (4) specialization; (5) and any other factor that tends to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(c).

The first two factors are the most important. *Id.* § 404.1520c(b)(2). The supportability factor requires the ALJ to consider the degree to which the expert based their opinion on relevant objective medical evidence and offered supporting explanations. *Id.* § 404.1520c(c)(1). More evidence and explanation means more persuasive power. *Id.* The consistency factor requires the ALJ to consider the degree to which the expert's opinion aligns with opinions from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2). More consistency is more persuasive. *Id.* So an expert whose opinion is well supported, well explained, and well aligned with other sources is particularly persuasive under the regulations.

The ALJ must not only consider the supportability and consistency of all medical opinions in the record, she must also "explain *how* … she considered them" in determining the claimant's RFC. *Dayna S. v. Comm'r of Soc. Sec.*, No. 3:21-cv-326, 2023 WL 2009135, at *5 (S.D. Ohio Feb. 15, 2023) (citing 20 C.F.R. § 404.1520c(b)(2)). No specific level of detail is required, as "the appropriate level of articulation will necessarily depend on the unique circumstances of each claim." *Timothy B. v. Comm'r of Soc. Sec.*, No. 2:22-cv-3834, 2023 WL 3764304, at *7 (S.D. Ohio June 1, 2023) (citations omitted). Thus, it is well established that ALJs need not use "magic words or any specific phrasing" to comply with the applicable regulations. *Id*; *see also Foley v. Comm'r of Soc. Sec.*, No. 2:22-cv-753, 2023 WL 3162097, at *11 (S.D. Ohio Apr. 12, 2023); *Kristopher F. v. Comm'r of Soc. Sec.*, No. 2:24-cv-3772, 2025 WL 2013583, at *8 (S.D. Ohio July 18, 2025).

Plaintiff does not allege that the ALJ failed to follow 20 C.F.R. § 404.1520c. Nor does she meaningfully contend that the ALJ's RFC determination was not supported by substantial evidence. In fact, Plaintiff concedes that the ALJ followed the regulations and that her RFC determination was supported by the state-agency expert's opinions:

> The ALJ concluded that the state agency psychologists' opinions were "generally" persuasive. The ALJ admitted that their opinions were supported by references to the record and that they were generally consistent with and supported by the longitudinal record. The ALJ did not discredit or reject any of their opined limitations. The ALJ relied on their opinions when creating the residual functional capacity. This is evidenced by the fact that the ALJ limited [Plaintiff] to interaction with supervisors and coworkers on a superficial basis. It is clear that the ALJ found the state agency psychologists' social interaction to be persuasive as the ALJ included it verbatim in the residual functional capacity.

> Thus, there can be no argument that the ALJ did not find the opinion necessary [to the RFC decision].

(Statement of Specific Errors, Doc. 9, #2089–90 (citations omitted)). Instead of contesting the ALJ's compliance with the regulations or her analysis of the record, Plaintiff "focuses on the ALJ's inclusion of the term 'superficial' in the residual functional capacity." (Pls.' Objections, Doc. 15, #2132). So the issue really narrows down to whether it is error, without more, for an ALJ to use the term "superficial" in an RFC.

Thankfully, this is not the first time a judge in this district has encountered the phrase "superficial" in this context. And, unhappily for Plaintiff, many of those cases hold that the phrase does, in fact, enjoy a well-accepted vocational meaning, even if it is not officially defined by the SSA or the Social Security Act. *See Tammy W. v. Comm'r of Soc. Sec.*, No. 2:23-cv-1196, 2024 WL 4284251, *4–5 (S.D. Ohio, Sep. 25, 2024); *William H. v. Comm'r of Soc. Sec.*, No. 3:21-cv-219, 2022 WL 4591304, at *4–6 (S.D. Ohio Sep. 30, 2022) (ALJ reversibly erred in rejecting superficial as not vocationally defined in light of case law that defines the term relative to social interactions); *Runyon v. Comm'r of Soc. Sec.*, No. 2:20-cv-3820, 2021 WL 3087639, at *5–6 (S.D. Ohio July 22, 2021) (same, holding that term has been defined by "this Court's caselaw"), *R&R adopted*, 2021 WL 3489615 (S.D. Ohio Aug. 9, 2021); *Garvin v. Comm'r of Soc. Sec.*, No. 2:20-cv-2566, 2021 WL 2200423, at *6 (S.D. Ohio June 1, 2021) (characterizing "superficial" as "a well-recognized, work-related limitation" and collecting cases), *R&R adopted*, 2021 WL 2533191 (S.D. Ohio June 21, 2021); *Crisp v. Comm'r of Soc. Sec.*, No. 2:19-cv-2401, 2020 WL 581841, at *3–4 (S.D. Ohio Feb. 6,

2020) (reversing based on ALJ's "inadequate" rejection of the term "superficial interactions" as "somewhat ambiguous"), *R&R adopted*, 2020 WL 5640056 (S.D. Ohio Sep. 22, 2020).

Lengthy string-cite aside, it is telling that the Sixth Circuit disposed of an argument nearly identical to Plaintiff's in a single paragraph. In *Preston*, the claimant argued that the ALJ erred by adopting a superficial-interaction limitation into the claimant's RFC without explaining what "superficial" meant. 2023 WL 4080104, at *4. The Sixth Circuit saw no issues with the ALJ's use of the term because, like here, it "parrot[ed] a report of one of the psychologists who assessed [the claimant]" and the term is a "well-recognized work-related limitation." 2023 WL 4080104, at *4 (quoting *Miles v. Comm'r of Soc. Sec.*, No. 3:20-cv-410, 2021 WL 4905438, at *5 (S.D. Ohio Oct. 21, 2021)). Further, "the record evidence supported the view that Preston's mental capabilities during the relevant period allowed him to perform modest tasks with limited interactions with colleagues." *Id.*

True, *Preston* was unpublished. But that hardly matters. When considered alongside the longstanding notion that ALJs are not required to include "magic words" in their RFC determinations, *Timothy B.*, 2023 WL 3764304, at *7, and the numerous district court cases holding that "superficial" has a firm vocational definition in this context, the Court finds *Preston*'s holding persuasive and determinative in this case. An ALJ does not err by using the term "superficial" in an RFC simply because it is not defined by the Social Security Act, SSA regulations, or associated publications. Because the term has a well-accepted meaning, Plaintiff's

allegation that its inclusion in the ALJ's decision renders that decision unreviewable is not well taken.

All that leaves is some housekeeping. Though Plaintiff does not dispute that the ALJ's RFC determination was based on substantial evidence or that the ALJ complied with 20 C.F.R. § 404.1520c when she adopted the superficial-interaction limitation from the state-agency experts' reports, the Court will briefly address both issues.

Like the ALJ in *Preston*, the ALJ here based her superficial-interaction limitation on substantial evidence in the record. The ALJ acknowledged many of Plaintiff's subjective complaints—anxiety, memory and concentration issues, difficulty navigating tasks and stressful situations, interpersonal friction, social isolation, and challenges completing everyday activities like cooking, house chores, and driving long distances. (Doc. 14, #2124–25). The ALJ also summarized Plaintiff's medical records and documented her treatment for mental impairments. (*Id.* at #2125). The ALJ then compared this evidence to Plaintiff's mental-status examinations, which reported normal mood, memory, affect, behavior, and judgment, as well as good eye contact. (*Id.* at #2125). Plaintiff also regularly visited her sister's house and stated that she got along well will authority figures. (*Id.*). At bottom, the ALJ weighed the evidence and found, on balance, that Plaintiff could engage in light work with limited social interactions. (*Id.*). That conclusion was supported by substantial evidence.

Nor did the ALJ run afoul of 20 C.F.R. § 404.1520c by including a superficial-interaction limitation. Just as in *Preston*, the ALJ here adopted that limitation verbatim from the state-agency experts' reports. (Doc. 14, #2126). The ALJ found that the experts' opinions were supported by references to the treatment records, were adequately explained, and were consistent with other evidence in the record. (*Id.*). The ALJ found those opinions to be generally persuasive. (Doc. 14, #2118; Doc 7-14, #1437). The Court concludes that the ALJ followed 20 C.F.R. § 404.1520c's requirements when it relied on the state-agency experts' reports to impose a superficial-interaction limitation on Plaintiff's RFC. The ALJ did not err by concluding that the Plaintiff was not disabled as that term is used in the Social Security Act.

## CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's Objection (Doc. 15), **ADOPTS** the R&R (Doc. 14), and **AFFIRMS** the Commissioner's decision. The Court **DIRECTS** the Clerk to enter judgment and **TERMINATE** this matter on the docket.

**SO ORDERED.**

September 16, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**